PER CURIAM.
Michael Marro appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. In his motion, Marrow raised two claims. We find one of these claims merits further review and remand accordingly.
Marro was convicted as charged of aggravated battery. Marro’s defense at trial was one of self-defense.
In the second point of his motion, Marro claims that trial counsel was ineffective for failing to object to inadmissible hearsay elicited from the victim about Marro’s propensity for violence. Marro and the victim were co-workers who found themselves in a physical altercation. The two had worked together on a roofing job and the victim contacted the boss after Marro declined to replace some rotten wood that remained on the roof. The victim was asked if he had personal knowledge that Marro had learned of that contact with the boss. The victim stated that he did, and when asked how he knew, the victim offered that he spoke to “Bill.” The victim continued:
Because I spoke to Bill, Bill had called him on the telephone, the defendant, to let him know, you know, hey we had to go back to work and do this. And the defendant became very upset, made two threats. And, you know, screaming and yelling. And you know, Bill’s exact words, I’ll never forget, is that he tried to soften the blow because he knew the defendant was a pretty rowdy guy, pretty violent at times.
The record before this court does not reflect that “Bill” testified at trial. Given Marro’s claim of self-defense, there is a reasonable probability that any suggestion to the jury that he was a violent person frustrated that defense.
We remand for further review of this claim finding that Marro has satisfied, preliminarily, the Strickland inquiry. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state’s response and record attachments, adopted by the trial court in its summary denial of the 3.850 motion, do not conclusively refute Marro’s claim.
GUNTHER, WARNER and POLEN, JJ., concur.